IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC LEWIS, | ) CASE NO. 4:17CV642 |
| Petitioner, | ) |
| vs. | ) JUDGE DONALD C. NUGENT |
| WARDEN CHARMAINE BRACY, | ) ORDER ADOPTING REPORT |
| | ) AND RECOMMENDATION |
| Respondent.. | ) |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II, which was issued on January 18, 2018 (ECF #14). For the following reasons, the Report and Recommendation, is hereby ADOPTED.

On March 27, 2017, Petitioner Eric Lewis ("Mr. Lewis") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (ECF #1). Mr. Lewis challenges the constitutionality of his sentence after being found guilty by a jury in the Mahoning County Court of Common Pleas of complicity to commit aggravated murder in violation of Ohio Revised Code § 2903.01(A)(F), along with a firearm specification in violation of R.C. § 2941.145(A). Petitioner was sentenced to life imprisonment with parole eligibility after 30 years, and a consecutive sentence of three years for the firearm specification. Mr. Lewis raises the following as his ground for relief:

GROUND ONE: Petitioner was denied his rights to Due Process under the

---

[1] The Antiterrorism and Effective Death Penalty Act of 1992 (hereafter "AEDPA").

Sixth and Fourteenth Amendments to the U.S. Constitution when the Ohio Seventh District Court of Appeals dismissed his App.R. 26(B) Application for reopening, which effectively denied his opportunity to receive a full and fair appeal of his conviction, as provided for by the Ohio Constitution.

Supporting Facts: After being convicted of complicity to aggravated murder, Petitioner filed a timely notice of Appeal through his trial counsel. Petitioner was appointed Attorney Douglas King as his appellate counsel on November 5, 2007. However, no appellate brief was ever filed by King. Instead, nearly two years later, King filed a motion to withdraw as Petitioner's counsel. The motion was granted on September 22, 2009 and on that same day the Seventh District Court of Appeals rendered a decision to affirm the trial court's judgment. Petitioner was never informed that King was filing a motion to withdraw as appellate counsel, nor that the motion was granted - nor of the appellate court's decision to affirm the trial court's judgment. Because he was not informed in a timely manner of the foregoing, he was not provided the opportunity at that time to file a *pro se* appellate brief. In late 2015 Petitioner requested from the clerk of courts copies of the appellate court's decisions above and for the first time finally received them. Petitioner subsequently filed an App.R. 26(B) Application for Reopening in February of 2016, asking the appellate court to reopen his appeal and to provide him with the opportunity to file a *pro se* appellate brief. The application was denied by the appellate court.

Respondent, Warden Charmaine Bracy ("Warden Bracy") filed a Motion to Dismiss the petition on August 9, 2017, arguing that Mr. Lewis' claims are time-barred. (ECF #7). Mr. Lewis did not reply directly to the Motion to Dismiss, despite obtaining additional time in which to file a Reply. (See ECF #10), but argued in opposition of such dismissal in other pleadings. (See ECF #13).

Magistrate Judge Knepp II found that Mr. Lewis' writ is time-barred under Section 2244(d)(1)(A) of the AEDPA, and recommends that such petition be DISMISSED. Mr. Lewis did not file a timely objection to the Report and Recommendation, and this Court denied Mr. Lewis' motion for extension of time in which to file an objection. (See ECF #16). The Court adopts the Magistrate Judge's recommendations for the reasons set forth below.

I.      Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee states: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

II.     Legal Analysis

-3-

As Magistrate Judge Knepp II outlined, the AEDPA requires a state prisoner seeking a writ of habeas corpus to file his petition within one year after his state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Magistrate Judge Knepp II reviewed and outlined the extensive procedural history in this matter, and found that Petitioner was required to file his habeas petition on or before November 7, 2010, absent tolling. (ECF #14, p. 7). Statutory tolling exists under the AEDPA, which under proper circumstances, extends the one-year statute of limitations. Under § 2244(d)(2), the time during which a properly filed application for post-conviction or other collateral relief is pending is not counted against the AEDPA's one-year filing limitation. However, Magistrate Judge Knepp II found that none of Petitioner's post-conviction filings served to extend the statute of limitations.

Magistrate Judge Knepp II also indicated that the statute of limitations under the AEDPA is subject to equitable tolling in appropriate circumstances. *See Holland v. Florida*, 560 U.S. 631 (2010). A petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling by showing that the failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *See Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010); *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). Magistrate Judge Knepp II found that Petitioner did not meet this burden, and therefore, is not entitled to equitable tolling of the AEDPA statute of limitations. Furthermore, Magistrate Judge Knepp II found that the "actual innocence" exception to the AEDPA statute of limitations does not apply in this case, as Petitioner has not offered any new evidence to show he is innocent of the crimes for which he was convicted. (ECF #9, pp. 16-17).

Petitioner was required to file his habeas petition on or before November 7, 2010 to be within the statute of limitations period. Petitioner filed this habeas action on March 24, 2017, more than six years after the statute of limitations period. (See ECF #1). Petitioner does not raise any meritorious or valid legal arguments to excuse Petitioner from the timely filing requirements set forth in the AEDPA. Therefore, Petitioner's habeas corpus petition is time-barred under § 2244(d)(1)(A) of the AEDPA.

For these reasons, Magistrate Judge Knepp II found that Petitioner's habeas corpus action is time-barred under § 2244(d)(1)(A) of the AEDPA and should be DISMISSED.

III. Conclusion

This Court has reviewed the Report and Recommendation of this case *de novo, see Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993), and has considered all of the pleadings, affidavits, motions, and filings of the parties. The Court finds Magistrate Judge Knepp II's Report and Recommendation to be thorough, well-written, well-supported and correct. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge in its entirety.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(C); Fed. R. App. P. 22(b).

Therefore, the Report and Recommendation of Magistrate Judge Jonathan D. Knepp II, (ECF #14), is ADOPTED.

IT IS SO ORDERED.

*signature*
DONALD C. NUGENT
United States District Judge

DATED: February 26, 2018